# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH M. MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No. 4:13CV831 AFG |
| | ) | (NCC) |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant.[1] | ) | |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

This is an action under Title 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying the application of Deborah M. Murray (Plaintiff) for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (the Act), 42 U.S.C. § 401 et seq. Plaintiff has filed a brief in support of the Complaint. (Doc. 10). Defendant has filed a brief in support of the Answer. (Doc. 16). The cause was referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to Title 28 U.S.C. § 636(b)(1). (Doc. 13).

## I.
## PROCEDURAL HISTORY

Plaintiff filed her application for DIB on July 13, 2010, alleging a disability onset date of July 9, 2009. (Tr. 114-22). Plaintiff's application was denied and she requested a hearing before an Administrative Law Judge (ALJ). (Tr. 46-47). On December 22, 2011, a hearing was held

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, she should be substituted for Michael J. Astrue as the defendant. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Act.

before an ALJ. (Tr. 21-34). Subsequently, Plaintiff amended her onset date to December 30, 2008. (Tr. 116, 129). In a decision dated January 24, 2012, the ALJ found Plaintiff not disabled. (Tr. 13-17). Plaintiff filed a request for review with the Appeals Council, which denied Plaintiff's request on March 11, 2013. (Tr. 1-4). As such, the ALJ's decision is the final decision of the Commissioner.

## II.
## LEGAL STANDARDS

Under the Social Security Act, the Commissioner has established a five-step process for determining whether a person is disabled. 20 C.F.R. §§ 416.920, 404.1529. "'If a claimant fails to meet the criteria at any step in the evaluation of disability, the process ends and the claimant is determined to be not disabled.'" Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005) (quoting Eichelberger v. Barnhart, 390 F.3d 584, 590-91 (8th Cir. 2004)). In this sequential analysis, the claimant first cannot be engaged in "substantial gainful activity" to qualify for disability benefits. 20 C.F.R. §§ 416.920(b), 404.1520(b). Second, the claimant must have a severe impairment. 20 C.F.R. §§ 416.920(c), 404.1520(c). The Social Security Act defines "severe impairment" as "any impairment or combination of impairments which significantly limits [claimant's] physical or mental ability to do basic work activities." Id. "The sequential evaluation process may be terminated at step two only when the claimant's impairment or combination of impairments would have no more than a minimal impact on [his or] her ability to work." Page v. Astrue, 484 F.3d 1040, 1043 (8th Cir. 2007) (quoting Caviness v. Massanari, 250 F.3d 603, 605 (8th Cir. 2001) (citing Nguyen v. Chater, 75 F.3d 429, 430-31 (8th Cir. 1996)).

Third, the ALJ must determine whether the claimant has an impairment which meets or equals one of the impairments listed in the Regulations. 20 C.F.R. §§ 416.920(d), 404.1520(d);

pt. 404, subpt. P, app. 1. If the claimant has one of, or the medical equivalent of, these impairments, then the claimant is per se disabled without consideration of the claimant's age, education, or work history. See id.

Fourth, the impairment must prevent the claimant from doing past relevant work. 20 C.F.R. §§ 416.920(f), 404.1520(f). The burden rests with the claimant at this fourth step to establish his or her Residual Functional Capacity (RFC). See Steed v. Astrue, 524 F.3d 872, 874 n.3 (8th Cir. 2008) ("Through step four of this analysis, the claimant has the burden of showing that she is disabled."); Eichelberger, 390 F.3d at 590-91; Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir. 2004); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). The ALJ will review a claimant's RFC and the physical and mental demands of the work the claimant has done in the past. 20 C.F.R. § 404.1520(f).

Fifth, the severe impairment must prevent the claimant from doing any other work. 20 C.F.R. §§ 416.920(g), 404.1520(g). At this fifth step of the sequential analysis, the Commissioner has the burden of production to show evidence of other jobs in the national economy that can be performed by a person with the claimant's RFC. See Steed, 524 F.3d at 874 n.3; Young, 221 F.3d at 1069 n.5. If the claimant meets these standards, the ALJ will find the claimant to be disabled. "The ultimate burden of persuasion to prove disability, however, remains with the claimant." Id. See also Harris v. Barnhart, 356 F.3d 926, 931 n.2 (8th Cir. 2004) (citing 68 Fed. Reg. 51153, 51155 (Aug. 26, 2003)); Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."); Charles v. Barnhart, 375 F.3d 777, 782 n.5 (8th Cir. 2004) ("[T]he burden of production shifts to the Commissioner at step five to submit evidence of other work in the national economy

that [the claimant] could perform, given her RFC."). Even if a court finds that there is a preponderance of the evidence against the ALJ's decision, that decision must be affirmed if it is supported by substantial evidence. See Clark v. Heckler, 733 F.2d 65, 68 (8th Cir. 1984). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." Krogmeier v. Barnhart, 294 F.3d 1019, 1022 (8th Cir. 2002). See also Cox v. Astrue, 495 F.3d 614, 617 (8th Cir. 2007). In Bland v. Bowen, 861 F.2d 533, 535 (8th Cir. 1988), the Eighth Circuit Court of Appeals held:

> [t]he concept of substantial evidence is something less than the weight of the evidence and it allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the Secretary may decide to grant or deny benefits without being subject to reversal on appeal.

See also Lacroix v. Barnhart, 465 F.3d 881, 885 (8th Cir. 2006) ("[W]e may not reverse merely because substantial evidence exists for the opposite decision.") (quoting Johnson v. Chater, 87 F.3d 1015, 1017 (8th Cir. 1996)); Hartfield v. Barnhart, 384 F.3d 986, 988 (8th Cir. 2004) ("[R]eview of the Commissioner's final decision is deferential.").

It is not the job of the district court to re-weigh the evidence or review the factual record de novo. See Cox, 495 F.3d at 617; Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); McClees v. Shalala, 2 F.3d 301, 302 (8th Cir. 1993); Murphy v. Sullivan, 953 F.2d 383, 384 (8th Cir. 1992). Instead, the district court must simply determine whether the quantity and quality of evidence is enough so that a reasonable mind might find it adequate to support the ALJ's conclusion. See Davis v. Apfel, 239 F.3d 962, 966 (8th Cir. 2001) (citing McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000)). Weighing the evidence is a function of the ALJ, who is the fact-finder. See Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987). See also Onstead v.

Sullivan, 962 F.2d 803, 804 (8th Cir. 1992) (holding that an ALJ's decision is conclusive upon a reviewing court if it is supported by "substantial evidence"). Thus, an administrative decision which is supported by substantial evidence is not subject to reversal merely because substantial evidence may also support an opposite conclusion or because the reviewing court would have decided differently. See Krogmeier, 294 F.3d at 1022. See also Eichelberger, 390 F.3d at 589; Nevland v. Apfel, 204 F.3d 853, 857 (8th Cir. 2000) (quoting Terrell v. Apfel, 147 F.3d 659, 661 (8th Cir. 1998)); Hutsell v. Massanari, 259 F.3d 707, 711 (8th Cir. 2001).

To determine whether the Commissioner's final decision is supported by substantial evidence, the court is required to review the administrative record as a whole and to consider the following:

(1) Findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physicians;

(4) The subjective complaints of pain and description of the claimant's physical activity and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon proper hypothetical questions which fairly set forth the claimant's physical impairment; and

(7) The testimony of consulting physicians.

<u>Brand v. Sec'y of Dep't of Health, Educ. & Welfare</u>, 623 F.2d 523, 527 (8th Cir. 1980); <u>Cruse v. Bowen</u>, 867 F.2d 1183, 1184-85 (8th Cir. 1989).

Additionally, an ALJ's decision must comply "with the relevant legal requirements." <u>Ford v. Astrue</u>, 518 F.3d 979, 981 (8th Cir. 2008).

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 416(i)(1)(A); 42 U.S.C. § 423(d)(1)(A). "While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced." <u>Polaski v. Heckler</u>, 739 F.2d 1320, 1322 (8th Cir. 1984). When evaluating evidence of pain, the ALJ must consider:

> (1) the claimant's daily activities;
>
> (2) the subjective evidence of the duration, frequency, and intensity of the claimant's pain;
>
> (3) any precipitating or aggravating factors;
>
> (4) the dosage, effectiveness, and side effects of any medication; and
>
> (5) the claimant's functional restrictions.

<u>Baker v. Sec'y of Health & Human Servs.</u>, 955 F.2d. 552, 555 (8th Cir. 1992); <u>Polaski</u>, 739 F.2d at 1322.

The absence of objective medical evidence is just one factor to be considered in evaluating the plaintiff's credibility. <u>Id.</u> The ALJ must also consider the plaintiff's prior work record, observations by third parties and treating and examining doctors, as well as the plaintiff's

appearance and demeanor at the hearing. See Polaski, 739 F.2d at 1322; Cruse, 867 F.2d at 1186.

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the plaintiff's complaints. See Guilliams, 393 F.3d at 801; Masterson, 363 F.3d at 738; Lewis v. Barnhart, 353 F.3d 642, 647 (8th Cir. 2003); Hall v. Chater, 62 F.3d 220, 223 (8th Cir. 1995). It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence. Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir. 1992); Butler v. Sec'y of Health & Human Servs., 850 F.2d 425, 429 (8th Cir. 1988). The ALJ, however, "need not explicitly discuss each Polaski factor." Strongson v. Barnhart, 361 F.3d 1066, 1072 (8th Cir. 2004). See also Steed, 524 F.3d at 876 (citing Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000)). The ALJ need only acknowledge and consider those factors. See id. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. See Rautio v. Bowen, 862 F.2d 176, 179 (8th Cir. 1988); Millbrook v. Heckler, 780 F.2d 1371, 1374 (8th Cir. 1985).

RFC is defined as what the claimant can do despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), and includes an assessment of physical abilities and mental impairments. 20 C.F.R. § 404.1545(b)-(e). The Commissioner must show that a claimant who cannot perform his or her past relevant work can perform other work which exists in the national economy. See Karlix v. Barnhart, 457 F.3d 742, 746 (8th Cir. 2006); Nevland, 204 F.3d at 857 (citing McCoy v. Schweiker, 683 F.2d 1138, 1146-47 (8th Cir. 1982) (en banc)). The Commissioner must first prove that the claimant retains the RFC to perform other kinds of work. See Goff, 421 F.3d at 790; Nevland, 204 F.3d at 857. The Commissioner has to prove this by substantial evidence.

Warner v. Heckler, 722 F.2d 428, 431 (8th Cir. 1983). Second, once the plaintiff's capabilities are established, the Commissioner has the burden of demonstrating that there are jobs available in the national economy that can realistically be performed by someone with the plaintiff's qualifications and capabilities. See Goff, 421 F.3d at 790; Nevland, 204 F.3d at 857.

To satisfy the Commissioner's burden, the testimony of a vocational expert (VE) may be used. An ALJ posing a hypothetical to a VE is not required to include all of a plaintiff's limitations, but only those which he finds credible. See Goff, 421 F.3d at 794 ("[T]he ALJ properly included only those limitations supported by the record as a whole in the hypothetical."); Rautio, 862 F.2d at 180. Use of the Medical-Vocational Guidelines is appropriate if the ALJ discredits the plaintiff's subjective complaints of pain for legally sufficient reasons. See Baker v. Barnhart, 457 F.3d 882, 894-95 (8th Cir. 2006); Carlock v. Sullivan, 902 F.2d 1341, 1343 (8th Cir. 1990); Hutsell v. Sullivan, 892 F.2d 747, 750 (8th Cir. 1989).

### III.
### DISCUSSION

Plaintiff must prove that she is disabled to be eligible for DIB under the Social Security Act. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001). Thus, the issue before the court is whether substantial evidence supports the Commissioner's final determination that Plaintiff was not disabled. See Onstead, 962 F.2d at 804. Even if there is substantial evidence that would support a decision opposite to that of the Commissioner, the court must affirm her decision as long as there is substantial evidence on the record as a whole in favor of the Commissioner's position. See Cox, 495 F.3d at 617; Krogmeier, 294 F.3d at 1022.

Plaintiff, who was fifty-seven years old on her amended onset date, alleged she was disabled due to depression, attention deficit disorder (ADD), and muscle pain. (Tr. 23-25). She

has a college degree in accounting, and additional training in tax preparation. (Tr. 26-27, 135). Plaintiff testified that she previously owned a fitness center, which closed on July 31, 2008, and she last worked on December 30, 2008, after the final paperwork for the closing of the business was completed. She further testified that when she stopped working, she felt afraid to go out of her house; she did not feel able to shower or get dressed; and she "still [had] that problem sometimes, but [she] [was] just afraid, mostly." (Tr. 26-28). Plaintiff additionally testified that she had lifelong problems with mental illness; that prior to closing her business, she "did not do a good job"; she was "hanging on by the skin of [her] teeth by the last six months"; she was "evicted from one of [her] locations"; she "could not handle it"; and she "tried to work on it and get it, but . . . it was not really working in an effective and productive way for [her]." (Tr. 29).

The ALJ found that Plaintiff last met the insured status on December 31, 2008; she did not engage in substantial gainful activity from her alleged onset date, December 30, 2008, through the date she was last insured; she had the severe impairment of depression; and Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. The ALJ further found that, through the date she was last insured, Plaintiff had the RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations: she was able to understand, remember, and carry out at least simple instructions and non-detailed tasks; she should not work in a setting which includes constant/regular contact with the general public; and she should not perform work which includes more than infrequent handling of customer complaints. The ALJ concluded that Plaintiff was not able to perform her past relevant work, but, based on her age, education, work experience, and RFC, there was work in the national economy which she could perform; therefore, she was not disabled.

Plaintiff argues the ALJ's decision is conclusory and not based on substantial evidence because she did not cite evidence to support her RFC determination, specifically Plaintiff's non-exertional limitations. Plaintiff further argues the ALJ's opinion is inconsistent in that she found Plaintiff had no limitations in social functioning but yet the RFC determination reflects such limitations. Plaintiff also argues the ALJ failed to explain why she disbelieved Plaintiff's testimony regarding her limitations, in particular Plaintiff's testimony that she was not working in a productive way prior to closing her business and her testimony regarding her fear of going out of the house, feeling unable to shower or get dressed, and mostly feeling afraid. The court notes that Plaintiff does not challenge the ALJ's decision in regard to her allegation of disability due to muscle pain.

## A.  Plaintiff's Credibility:

The court will first consider the ALJ's credibility determination, as the ALJ's evaluation of Plaintiff's credibility was essential to the ALJ's determination of other issues, including Plaintiff's RFC. See Wildman v. Astrue, 596 F.3d 959, 969 (8th Cir. 2010) ("[The plaintiff] fails to recognize that the ALJ's determination regarding her RFC was influenced by his determination that her allegations were not credible.") (citing Tellez v. Barnhart, 403 F.3d 953, 957 (8th Cir. 2005)); 20 C.F.R. §§ 404.1545, 416.945 (2010). As set forth more fully above, the ALJ's credibility findings should be affirmed if they are supported by substantial evidence on the record as a whole; a court cannot substitute its judgment for that of the ALJ. See Guilliams, 393 F.3d at 801; Hutsell, 892 F.2d at 750; Benskin, 830 F.2d at 882. To the extent that the ALJ did not specifically cite Polaski, other case law, and/or Regulations relevant to a consideration of Plaintiff's credibility, this is not necessarily a basis to set aside an ALJ's decision where the decision is supported by substantial evidence. Randolph v. Barnhart, 386 F.3d 835, 842 (8th Cir.

2004); <u>Wheeler v. Apfel</u>, 224 F.3d 891, 895 n.3 (8th Cir. 2000); <u>Reynolds v. Chater</u>, 82 F.3d

254, 258 (8th Cir. 1996); <u>Montgomery v. Chater</u>, 69 F.3d 273, 275 (8th Cir. 1995). Additionally,

an ALJ need not methodically discuss each <u>Polaski</u> factor if the factors are acknowledged and

examined prior to making a credibility determination; where adequately explained and

supported, credibility findings are for the ALJ to make. See <u>Lowe v. Apfel</u>, 226 F.3d 969, 972

(8th Cir. 2000). <u>See also</u> <u>Tucker v. Barnhart</u>, 363 F.3d 781, 783 (8th Cir. 2004) ("The ALJ is

not required to discuss each <u>Polaski</u> factor as long as the analytical framework is recognized and

considered."); <u>Strongson</u>, 361 F.3d at 1072; <u>Brown v. Chater</u>, 87 F.3d 963, 966 (8th Cir. 1996).

In any case, "[t]he credibility of a claimant's subjective testimony is primarily for the ALJ to

decide, not the courts." <u>Pearsall</u>, 274 F.3d 1211, at 1218 (8th Cir. 2001). "If an ALJ explicitly

discredits the claimant's testimony and gives good reason for doing so, [a court] will normally

defer to the ALJ's credibility determination." <u>Gregg v. Barnhart</u>, 354 F.3d 710, 714 (8th Cir.

2003). <u>See also</u> <u>Halverson v. Astrue</u>, 600 F.3d 922, 932 (8th Cir. 2010); <u>Cox v. Barnhart</u>, 471

F.3d 902, 907 (8th Cir. 2006). For the following reasons, the court finds that the reasons offered

by the ALJ in support of his credibility determination are based on substantial evidence.

 First, as considered by the ALJ, Plaintiff stated in a Function report that she stopped

working for "other reasons" than her disability, specifically because her personal business was

not making any money. (Tr. 134). Indeed, Plaintiff specifically stated, in the Function Report,

that she stopped working because of "no profit from self employment." (Tr. 134). Leaving work

for reasons unrelated to an alleged disabling impairment weighs against a finding of disability.

<u>See</u> <u>Medhaug v. Astrue</u>, 578 F.3d, 805, 816-17 (8th Cir. 2009) (finding it relevant that claimant

did not leave his job because of injury but because he was laid off); <u>Browning v. Sullivan</u>, 958

F.2d 817, 821 (8th Cir. 1992).

Second, as considered by the ALJ, Plaintiff was non-compliant with her treatment. Specifically, on May 22, 2008, Scott Anderson, M.D., reported that Plaintiff said she had stopped taking her anti-depressant medication because she was taking medication for an unrelated physical condition; on this date, Dr. Anderson increased the dosage of Plaintiff's anti-depressant medication. (Tr. 180). See Eichelberger, 390 F.3d at 589 (holding that the ALJ properly considered that the plaintiff cancelled several physical therapy appointments and that no physician imposed any work-related restrictions on her) (citing Brown v. Chater, 87 F.3d 963, 965 (8th Cir. 1996) (claimant's failure to comply with prescribed medical treatment and lack of significant medical restrictions is inconsistent with complaints of disabling pain). See also Wildman v. Astrue, 596 F.3d 959, 968-69 (8th Cir. 2010) (it is permissible for ALJ to consider claimant's non-compliance with prescribed medical treatment).

Third, as considered by the ALJ, records reflect that Plaintiff's mental impairment was controlled with treatment compliance. Dr. Anderson reported, on April 13, 2009, that Plaintiff said her anti-depressant medication worked "great." (Tr. 181). Also, on November 30, 2009, January 25, 2010, June 26, 2010, August, 26, 2010, and December 29, 2010, Plaintiff told Radhika Rao, M.D., that medication helped and/or that she felt good on her medications. (Tr. 192-93, 197-98). Conditions which can be controlled by treatment are not disabling. See Renstrom v. Astrue, 680 F.3d 1057, 1066 (8th Cir. 2012) (quoting Brown v. Astrue, 611 F.3d 941, 955 (8th Cir. 2010)); Davidson v. Astrue, 578 F.3d 838, 846 (8th Cir. 2009); Medhaug v. Astrue, 578 F.3d 805, 813 (8th Cir. 2009); Schultz v. Astrue, 479 F.3d 979, 983 (8th Cir. 2007) (holding that if an impairment can be controlled by treatment, it cannot be considered disabling).

Fourth, as considered by the ALJ, Plaintiff had limited treatment in contrast to her allegations of disabling impairments. Notably, after Plaintiff sought treatment in May 2008, she

did not seek treatment again until April 2009, on which date she reported her medication worked great. (Tr. 181-81). A lack of regular treatment for an alleged disabling condition detracts from a claimant≤ credibility. See Dukes v. Barnhart, 436 F.3d 923, 928 (8th Cir. 2006) (upholding an ALJ's determination a claimant lacked credibility due in part to "absence of hospitalizations . . . , limited treatment of symptoms, [and] failure to diligently seek medical care"); 20 C.F.R. § 404.1529(c)(3)(v) (the agency will consider the claimant's treatment when evaluating her symptoms); Roberts v. Apfel, 222 F.3d 466, 469 (8th Cir. 2000).

Fifth, the ALJ considered that the State agency non-examining medical expert, Elissa Lewis, Ph.D., opined that there was insufficient evidence to determine the severity of Plaintiff's alleged mental impairments. (Tr. 15, 203-13). See 20 C.F.R. '' 404.1527(f)(2)(i), 416.927(f)(2)(i) (State agency medical consultants are highly qualified experts in Social Security disability evaluation; therefore, ALJs must consider their findings as opinion evidence.).

In conclusion, the court finds that the ALJ gave sufficient reasons for finding Plaintiff's claims regarding the severity of her mental impairments not credible, and that the ALJ's decision, in this regard, is based on substantial evidence and consistent with the Regulations and case law.

## B. Plaintiff's Mental Impairments and her RFC:

20 C.F.R. Ch. lll, Pt. 404, Supt. P, App.1 ' 12.00(a) states, in relevant part, that:

The evaluation of disability on the basis of mental disorders requires documentation of a medically determinable impairment(s), consideration of the degree of limitation such impairment(s) may impose on your ability to work, and consideration of whether these limitations have lasted or are expected to last for a continuous period of at least 12 months.

Section 12.00(a) further lists mental disorders in diagnostic categories, which include, among others, mental disorders (' 12.02), affective disorders (' 12.04), anxiety related disorders (' 12.06), and personality disorders (' 12.08).

13

The Commissioner has supplemented the familiar five-step sequential process for generally evaluating a claimant's eligibility for benefits with additional regulations dealing specifically with mental impairments. 20 C.F.R. ' 404.1520a. A special procedure must be followed at each level of administrative review. See Pratt v. Sullivan, 956 F.2d 830, 834 n.8 (8th Cir. 1992) (per curiam).

The mere existence of a mental condition, however, is not per se disabling. See Dunlap v. Harris, 649 F.2d 637, 638 (8th Cir. 1981). The sequential process for evaluating mental impairments is set out in 20 C.F.R. ' 404.1520a. This Regulation states that the steps set forth in ' 404.1520 also apply to the evaluation of a mental impairment. ' 404.1520a(a). However, other considerations are included. The first step is to record pertinent signs, symptoms, and findings to determine if a mental impairment exists. 20 C.F.R. ' 404.1520a(b)(1). These are gleaned from a mental status exam or psychiatric history and must be established by medical evidence consisting of signs, symptoms, and laboratory findings. 20 C.F.R. ' ' 404.1520a(b)(1).

If a mental impairment is found, the ALJ must then analyze whether certain medical findings relevant to ability to work are present or absent. 20 C.F.R.' 404.1520a(b)(1). The procedure then requires the ALJ to rate the degree of functional loss resulting from the impairment in four areas of function which are deemed essential to work. 20 C.F.R. ' 404.1520a(c)(2). Those areas are: (1) activities of daily living; (2) social functioning; (3) concentration, persistence or pace; and (4) deterioration or decompensation in work or work-like settings. 20 C.F.R. ' 404.1520a(c)(3).

The limitation in the first three functional areas of activities of daily living (social functioning and concentration, persistence, or pace) is assigned a designation of either Anone,

mild, moderate, marked, [or] extreme." 20 C.F.R. § 404.1520a(c)(4). The degree of limitation in regard to episodes of decompensation is determined by application of a four-point scale: "[n]one, one or two, three, four or more." Id. When "the degree of []limitation in the first three functional areas" is "none" or "mild" and "none" in the area of decompensation, impairments are not severe, "unless the evidence otherwise indicates that there is more than a minimal limitation in [a claimant's] ability to do basic work activities." 20 C.F.R. § 404.1520a(d)(1). When it is determined that a claimant's mental impairment(s) are severe, the ALJ must next determine whether the impairment(s) meet or are equivalent in severity to a listed mental disorder. This is done by comparing the medical findings about a claimant's impairment(s) and the rating of the degree of functional limitation to the criteria of the appropriate listed mental disorder. See 20 C.F.R. § 404.1520a(d)(2). If it is determined that a claimant has "a severe mental impairment(s) that neither meets nor is equivalent in severity to any listing," the ALJ must then assess the claimant's RFC. 20 C.F.R. § 404.1520a(d)(3).

In the matter under consideration, the ALJ considered the above-discussed requirements. In the areas of activities of daily living and social functioning, the ALJ found that Plaintiff had no restrictions, as there was no evidence of any limitation of functioning in this area. With regard to concentration, persistence or pace, the ALJ found Plaintiff had moderate difficulties, based on Dr. Anderson's reporting that she was stressed, her business was failing, and this put a financial hardship on her family, and based on Plaintiff's testimony that she was not doing a good job and had been evicted. (Tr. 180). The ALJ further found that Plaintiff had no episodes of decompensation. (Tr. 13). The court finds that the ALJ's consideration of the various domains of functioning and that Plaintiff had no episodes of decompensation is based on substantial evidence.

As for Plaintiff's argument that the ALJ found Plaintiff had no limitations in regard to social functioning, although her RFC determination makes it clear she found such limitations, and that, therefore, the ALJ's decision is not supported by substantial evidence, the court finds such an argument without merit. First, as suggested by Defendant, Plaintiff can hardly fault the ALJ for imposing greater limitations that she found credible. See Mounts v. Astrue, 2012 WL 1609056, at *8 n.2 (10th Cir. May 9, 2012) ("Mounts complains there was no evidence to support the ALJ's limitation that she only have occasional dealing with the general public. Because this additional limitation works to her benefit, we decline to address the argument."). Moreover, a deficiency in decision writing is not a sufficient reason for setting aside an ALJ's RFC determination or her ultimate determination that a claimant is not disabled. See Hepp v. Astrue, 511 F.3d 798, 806 (8th Cir. 2008); Senne v. Apfel, 198 F.3d 1065, 1067 (8th Cir. 1999) ("We have consistently held that a deficiency in opinion-writing is not a sufficient reason for setting aside an administrative finding where the deficiency had no practical effect on the outcome of the case."). Finally, Plaintiff does not cite, nor does the record include, evidence of limitations greater than those imposed by the ALJ. As noted by Defendant, Plaintiff cannot avoid the burden of demonstrating she was disabled by merely stating there was an absence of evidence to show she was not disabled and that, therefore, she was disabled. See Peterson v. Colvin, 2013 WL 6237868, at *4 (W.D. Mo. Dec, 3, 2013) ("Plaintiff cannot avoid this obligation by claiming the absence of evidence requires the Commissioner to prove she is not disabled.").

As for Plaintiff's argument that the ALJ did not cite evidence to support her RFC determination, the court first notes Plaintiff's limited medical treatment. In any case, the ALJ did address Dr. Anderson's May 22, 2008 records, in detail. (Tr. 12, 15). Moreover, when

Plaintiff presented on that date, she presented for evaluation of a swollen right ear; not for the conditions which she subsequently alleged were disabling. (Tr. 180). Finally, the ALJ's failure to mention specific records does not mean that she did not consider them. See also Karlix v. Barnhart, 457 F.3d 742, 746 (8th Cir. 2006) ("The fact that the ALJ did not elaborate on this conclusion does not require reversal, because the record supports her overall conclusion.") (citations omitted); Wheeler v. Apfel, 224 F.3d 891, 896 n.3 (8th Cir. 2000) (citing Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998) (ALJ is not required to discuss every piece of evidence submitted; "ALJ's failure to cite specific evidence does not indicate that such evidence was not considered"). In conclusion, the court finds that the ALJ's RFC determination is based on substantial evidence and that it is consistent with the Regulations and case law.

## C.    ALJ's Determination the Plaintiff is Capable of Other Work:

The ALJ found Plaintiff could not perform her past relevant work, and, as required, the ALJ obtained the testimony of a VE. She posed a hypothetical to the VE which described a person of Plaintiff's aged and with her education, work experience, and RFC. The VE testified that there was work which the hypothetical person could perform, including hand packager, machine packager, and laundry worker. (Tr. 32-33). The VE's testimony that Plaintiff's limitations did not prevent her from performing work which was available in the national economy provides substantial evidence supporting the ALJ's determination that Plaintiff was not disabled. See Martise v. Astrue, 641 F.3d 909, 927 (8th Cir. 2011) ("Based on our previous conclusion ... that >the ALJ's findings of [the claimant=s] RFC are supported by substantial evidence,= we hold that >[t]he hypothetical question was therefore proper, and the VE's answer constituted substantial evidence supporting the Commissioner=s denial of benefits.") (quoting Lacroix v. Barnhart, 465 F.3d 881, 889 (8th Cir. 2006)); Robson v. Astrue, 526 F.3d 389, 392

(8th Cir. 2008) (holding that a VE's testimony is substantial evidence when it is based on an accurately phrased hypothetical capturing the concrete consequences of a claimant's limitations); Wingert v. Bowen, 894 F.2d 296, 298 (8th Cir. 1990). In conclusion, the court finds that the ALJ's determination that Plaintiff was not disabled is based on substantial evidence and that Plaintiff's arguments to the contrary are without merit.

## IV.
## CONCLUSION

For the reasons set forth above, the court finds that substantial evidence on the record as a whole supports Commissioner's decision that Plaintiff is not disabled.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the relief sought by Plaintiff in her Complaint and Brief in Support of Complaint be **DENIED**; Docs. 1, 10.

**IT IS FURTHER RECOMMENDED** that a separate judgment be entered incorporating this Report and Recommendation.

The parties are advised that they have fourteen (14) days in which to file written objections to these recommendations pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990).


Dated this 14th day of May 2014.


/s/ Noelle C. Collins
UNITED STATES MAGISTRATE JUDGE